# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **STELE MOBILE HOME INVESTMENTS, LLC, d/b/a SMHI, LLC,** | } } } } | |
| **Plaintiff,** | } } } | |
| v. | } } } | Case No.:  2:08-CV-1252-RDP |
| **DIANNA K. HOANG, individually, a/k/a Dianna Hoang; DIANNA K. HOANG, d/b/a Diamond Food Mart, Inc.; DIAMOND CONVENIENCE STORE, INC.,** | } } } } } } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

The court has before it Plaintiff Steele Mobile Home Investments, LLC d/b/a SMHI, LLC's (hereinafter "Plaintiff") Motion for Entry of Default Judgment (Doc. # 12) against Defendants Dianna K. Hoang, individually, Dianna K. Hoang, doing business as Diamond Food Mart, Inc., and Diamond Convenience Store, Inc. based upon Defendants' failure to appear or otherwise respond to the allegations of the complaint. For the reasons outlined below, the motion is due to be granted.

This action was commenced on July 16, 2008, by the filing of Plaintiff's complaint seeking monetary damages for alleged breach of contract, open account, unjust enrichment, account stated, and fraudulent suppression/misrepresentation. (Doc. # 1). A copy of the summons and complaint was served on Defendants on August 14, 2008. (Docs. # 8, 9, 10). To date, Defendants have neither filed anything with the court in their defense nor contacted the court in any manner about this case, despite being served with a summons and a complaint. Therefore, in response to Plaintiff's November 6, 2008, Motion for Entry of Default (Doc. # 13), default was entered against Defendants

by the Clerk of Court on November 6, 2008. (Doc. # 14).

Plaintiff also seeks a Rule 55(b) default judgment against Defendants for monetary damages in the amount of $91,052.26. This amount represents past due amounts owed to Plaintiff pursuant to the parties' Lease Agreement, reasonable attorney's fees, and pre-judgment interest. (Doc. # 12). Rule 55 (b) states:

> (b) Entering a Default Judgment.
>
> (1) **By the Clerk**. If the plaintiff's claim is for a sum certain or for a sum which can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor or incompetent person.
>
> (2) **By the Court**. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least three days before the hearing. The court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
>
> (B) determine the amount of damages;
>
> (C) establish the truth of any allegation by evidence; or
>
> (D) investigate any other matter.

Fed.R.Civ.P. 55(b)(1),(2). Although this court permits the Clerk of Court to *enter* default when appropriate pursuant to Rule 55(a),[1] it is the practice of the judges of this court to reserve all

---

[1] Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk shall enter the party's default." Fed.R.Civ.P. 55(a).

decisions about the entry of a Rule 55(b) default *judgment* for the discretion of the particular judge to which the case is assigned, even when Rule 55(b)(1) permits the Clerk of Court to enter a default judgment because a plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain. Accordingly, Plaintiff's motion for default judgment in this case is properly before the undersigned.

The court finds that entry of a default judgment in favor of Plaintiff and against Defendants is appropriate because the requirements of Rule 55(b)(1) are satisfied in this case. Plaintiff has submitted affidavit testimony evidencing that Defendants are not infants or incompetent persons (Doc. # 12, Ex. A), and that they have failed to make payments owed pursuant to a contractual obligation for rent, certain improvements to the leased premises and repayment for the costs of goods and services. (Doc. # 12, Ex. A). Upon default, the well-pleaded allegations of a complaint are taken as true. *E.g., Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (citing *Nishimatsu Constr. Co., Ltd. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

The affidavit testimony demonstrates that the monetary damages sought by Plaintiff are for a sum certain or for a sum which can by computation be made certain: the principal amount (including contractual interest and late fees) owed by Defendants under the Lease Agreement currently totals seventy-nine thousand, one hundred seventy-five dollars and 88/100 ($79,175.88). (Doc. # 12, Ex. A). This amount is a sum certain calculated as follows:

a. Current unpaid rent for the months April and May at the contract rate of $2,963.90 per month ($2,800.00 base rent plus water, sewer and trash of $163.90) totals $5,927.80;

b. Current contractual late fees on the unpaid rent totaling $3,640.00 as of November

        4, 2008;

c.      Certain enumerated improvements to the premises costing $9,380.00;

d.      Merchandise in the store upon initiation of the lease with an agreed-upon value of $30,000.00;

e.      Installation of a new cage at a cost of $7,500.00;

f.      Interest at a rate of 9% per annum on unpaid out-of pocket expenses of $3,375.00;

g.      Late fees of 10% for each missed installment for a total of $3,750.00; and

h.      The value of gasoline in the tanks at the time the lease was executed. The gas value was $29,725.00. Defendants made payments totaling only $12,734.73. Thus, the current unpaid amount owed for gasoline in the tanks is $16,990.27.

(Doc. # 12, Ex. A). Accordingly, as to these amounts, Rule 55(b)(1) – and not 55(b)(2) – governs this case. Moreover, because these damages sought are for a sum certain, an evidentiary hearing is not necessary and the court can adjudicate the matter of default "upon request of the plaintiff and upon affidavit of the amount due." Fed.R.Civ.P. 55(b)(1). *See, e.g., United States Artist Corporation v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) ("The case law is clear that a judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation.") (citations omitted).

      However, Plaintiff's Motion for Entry of Default Judgment also seeks recovery of attorneys' fees in the amount of $11,876.38. The Lease Agreement under which Plaintiff has sued provides for an award of legal fees to the prevailing party if either party takes legal action under the lease. (Doc. # 12, Ex. A). More specifically, the Lease Agreement provides that "the prevailing party shall be entitled to collect from the non-prevailing party all reasonable attorneys fees *incurred* by the

4

prevailing party in such action." (Doc. # 12, Ex. A) (emphasis added).  The amount sought by Plaintiff is fifteen per cent (15%) of the principal balance.  (Doc. # 12, Ex. A).  Although Plaintiff has submitted an affidavit from an associate at the firm representing it in this action which purports to testify as to the reasonableness of this amount, that affidavit does not establish that fees in this amount were actually "incurred" by Plaintiff.  Because the Lease Agreement provides for recovery of reasonable attorneys fees "incurred," and the affidavit testimony before the court does not address fees actually "incurred" by Plaintiff on the record presently before the court, this aspect of the recovery sought is not "a sum certain or for a sum which can be made certain by computation."  Thus, this aspect of the recovery is governed by Rule 55(b)(2), not 55(b)(1).

Therefore, based upon the court's review of the affidavit testimony and its study of the relevant case law, Plaintiff's request for the entry of a default judgment against Defendants is **GRANTED**.  Presently, Plaintiff is due to recover from Defendants the sum of $79,175.88.  The court will conduct a hearing as to the "reasonable attorneys fees incurred by" Plaintiff in this action at **2:00 p.m. on Wednesday, November 19, 2008**, in Courtroom 7A of the Hugo L. Black United States Courthouse, 1729 5th Avenue North, Birmingham, Alabama.  Thereafter, the court contemplates that it will enter a final default judgment in favor of Plaintiff and against Defendants that is consistent with this Memorandum Opinion and the matters occurring at the hearing regarding attorneys fees.

**DONE** and **ORDERED** this ___12th___ day of November, 2008.

                                        **R. DAVID PROCTOR**
                                        UNITED STATES DISTRICT JUDGE